ORIGINAL SEALED BY ORDER OF THE COURT

KENJI M. PRICE #10523
United States Attorney
District of Hawaii

MARGARET C. NAMMAR #9045
Assistant U.S. Attorney
United States Attorney's Office
District of Hawaii
Room 6100, PJKK Federal Building
300 Ala Moana Blvd
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Email: Margaret.Nammar@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
NOV 08 2019
at 3 o'clock and 10 min. P.M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | MAG. NO. 19-01169 RT |
| Plaintiff, | CRIMINAL COMPLAINT; AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT |
| vs. | |
| SUNGJU CHOI, | |
| Defendant. | |

CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief.

False Statement on Immigration Document
(18 U.S.C. § 1546(a))

On or about May 26, 2015, within the District of Hawaii, SUNGJU CHOI, the defendant, did knowingly subscribe as true under penalty of perjury under 28 U.S.C. § 1746 a false statement with respect to a material fact in an application and a document required by the immigration laws and regulations prescribed thereunder, to wit, a Form I-751 Petition to Remove Conditions on Residence, that is, that her marriage was not for the purpose of procuring an immigration benefit, which statement the defendant then and there knew was false.

All in violation of Title 18, United States Code, Section 1546(a).

I further state that I am a Special Agent with Homeland Security Investigations (HSI), and that this complaint is based upon the facts set forth in the attached "Agent's Affidavit in Support of Criminal Complaint," which is incorporated herein by reference.

PAUL MALANA
Special Agent
Homeland Security Investigations (HSI)

Subscribed to and sworn before me on
November 8, 2019, at Honolulu, Hawaii.

HON. ROM TRADER
United States Magistrate Judge
District of Hawaii

AGENT'S AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

Paul Malana, after being duly sworn, deposes and states as follows:

1. I am a Special Agent with the United States Immigration and Customs Enforcement, Homeland Security Investigations (HSI). I have been employed as a Special Agent since 2000. As a Special Agent, I have conducted and participated in numerous investigations relating to drug trafficking, human smuggling, document and benefit fraud, felony reentry, marriage fraud, and other administrative violations of the Immigration and Nationality Act. I am currently assigned to HSI Honolulu Public Safety Group. I am a graduate of California State University, Long Beach, with a major in Criminal Justice. I am also a graduate of the Federal Law Enforcement Training Center. Prior to my current position, I was a U.S. Customs Inspector with the U.S. Customs Service, now known as U.S. Customs & Border Protection, for approximately eight (8) years.

2. The information contained in this affidavit was derived from personal investigative knowledge, information related to me by other law enforcement personnel, and information obtained from official records and files.

3. Based upon my training and experience, I am familiar with the various methods and schemes used to commit marriage and visa fraud. Foreign nationals with visas allowing them a temporary stay in the United States often seek ways to remain permanently. A common method is to marry a United States citizen and file a petition with the United States Citizenship and Immigration Services (USCIS) to obtain an immigration benefit.

4. As a matter of background, a Lawful Permanent Resident (LPR) is a non-United States citizen who has applied for, been granted, and immigrated to the United States under an immigrant visa classification, such as a CR6 (Conditional Resident) or IR6 (Immediate Relative), which is the spouse of a United States citizen (USC). In general, an LPR is a citizen and national of her/his native country who has been given permission to reside in the United States. He or she is issued a Permanent Resident Card, more commonly known as a "green card," which bears an Alien Registration Number (A#), his or her photo, name, date of birth, and country of citizenship, the date of issuance and of expiration, and security features to discourage counterfeiting.

5. On or about March 2, 2017, SUNGJU CHOI (CHOI) came to the attention of HSI Honolulu due to the agency receiving information that CHOI was

involved in a sham marriage. The case was then referred to the USCIS Fraud Detection and National Security (FDNS) Division. A review of CHOI's alien file, and related documents, revealed the following pertinent information:

    a. On or about February 27, 2013, SUNGJU CHOI (A#XXXXX2342), a citizen and national of the Republic of Korea, entered the United States as a WT non-immigrant visitor under the visa waiver program. CHOI was given 90 days to stay in the U.S. and she remained in the U.S. beyond her authorized period of stay.

    b. On or about May 17, 2013, CHOI married "R.H.," a United States Citizen by birth, in Honolulu, Hawaii.

    c. On or about June 21, 2013, "R.H." filed a Form I-130, Petition for Alien Relative, on behalf of CHOI. CHOI concurrently filed a Form I-485, Application to Register Permanent Residence or Adjust Status.

    d. On or about August 15, 2013, CHOI and "R.H." were interviewed and claimed to be living in a marital union at 480 Keholio Road in Kihei, Hawaii. On that same day, CHOI was approved for Legal Permanent Resident (LPR) status. Because CHOI's marriage to "R.H." occurred less than 24 months prior to the approval of her Form I-485, she was approved for LPR status on a conditional basis.

    e. On or about July 20, 2015, CHOI and "R.H." filed a joint Form I-751, Petition to Remove Conditions on Residence, based on their marriage. Immediately above CHOI's signature, which is dated May 26, 2015, that form contains a declaration stating in relevant part:

> I certify, under penalty of perjury under the laws of the United States of America, that this petition and the evidence submitted with it is all true and correct. If conditional residence was based on a marriage, I further certify that the marriage was entered in accordance with the laws of the place where the marriage took place and was not for the purpose of procuring an immigration benefit.

    f. On or about May 10, 2016, the I-751 was approved without interview and the conditions on CHOI's residence were removed.

6. On May 17, 2017, USCIS FDNS officers interviewed "R.H." at his place of employment on Maui. During that interview, "R.H." stated, in substance and in part:

    a. He met SUNGJU CHOI at a restaurant and they were introduced to each other by CHOI's friend.

    b. CHOI approached him about marrying her so that she could stay in the United States.

    c. He married her to help her stay in the United States and get a green card.

    d. CHOI offered to pay him $18,000 to marry her.

    e. CHOI paid him in cash and in increments.

    f. Every time CHOI paid him someone else was present.

    g. He agreed to marry CHOI because he was in debt and needed the money.

    h. CHOI and "R.H." never had sex.

    i. CHOI and "R.H." never lived together but she slept over one night before the immigration interview in order to prepare for the interview.

    j. CHOI went to his family reunion and they took pictures to be turned in to immigration.

    k. He and CHOI obtained documents in both of their names only for immigration purposes.

    l. He prepared letters which he had his mom and sister both sign, however, they were not aware of the contents of the letters. He turned the letters over to USCIS as evidence of the marriage.

  m. A month after getting married, he told his parents that it was a fake marriage and they told him to get the marriage annulled.

  n. When he tried to get an annulment, CHOI asked for the money back but he did not have the money to give back so he continued with the sham marriage.

  7. On or about July 11, 2017, "R.H." met with CHOI and CHOI paid "R.H." $2,500 in United States currency as the final payment for their marriage fraud. "R.H." then turned the $2,500 over to HSI as evidence.

  8. On or about August 30, 2017, "R.H." met with CHOI. The meeting was audio and video recorded. During the meeting, "R.H." raised concerns with CHOI that they were in a fake marriage and they discussed what their "story" was for purposes of immigration.

  9. On October 31, 2019, I was provided a document obtained by USCIS from the Hawaii State Judiciary Ho'ohiki website that indicated CHOI and "R.H" are divorced. The initiation of the divorce was on March 20, 2017 and the case was terminated on March 29, 2017.

//

//

//

//

//

//

//

//

//

10. WHEREFORE, based upon the foregoing, probable cause exists to find that SUNGJU CHOI has committed the offense of False Statement on Immigration Document, in violation of Title 18, United States Code, 1546(a).

FURTHER AFFIANT SAYETH NAUGHT.

_____
PAUL MALANA
Special Agent
Homeland Security Investigations (HSI)

This Criminal Complaint and Agent's Affidavit in support thereof were presented to, approved by, and probable cause to believe that the defendant above-named committed the charged crime found to exist by the undersigned Judicial Officer at __3__ : _03_ p.m. on November __8__, 2019.

Subscribed to and sworn before me on
November __8__, 2019, at Honolulu, Hawaii.

_____
HON. ROM TRADER
United States Magistrate Judge
District of Hawaii

7